**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**



**Dated: November 23, 2009**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

---

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP         BDFTE NO. 00000001390582
610 WEST 5TH STREET SUITE 602
AUSTIN, TX 78701
(512) 477-0008

Attorney for U.S. BANK, N.A., ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 07-11851-CAG-13 |
| | § | |
| OSVALDO V. MORENO, JR. and | § | |
| SANDRA B. MORENO, | § | |
|    Debtor | § | CHAPTER 13 |
| | § | |
| U.S. BANK, N.A., ITS ASSIGNS | § | |
| AND/OR SUCCESSORS IN | § | |
| INTEREST, | § | |
|    Movant | § | HEARING DATE: 11/23/2009 |
| | § | |
| v. | § | TIME: 09:30 AM |
| | § | |
| OSVALDO V. MORENO, JR. and | § | |
| SANDRA B. MORENO; DEBORAH B. | § | |
| LANGEHENNIG, Trustee | § | |
|    Respondents | § | JUDGE CRAIG A. GARGOTTA |

**AGREED ORDER CONDITIONING AUTOMATIC STAY AS TO DEBTOR**

Came on for consideration the Motion For Relief from Stay, filed by U.S. BANK, N.A.,

ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore, **ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning December 01, 2009, and continue said payments thereafter pursuant to that certain Deed of Trust Note and Deed of Trust dated April 08, 1988.

3. **Additional Payments:** In addition to the payments set forth above, Debtor shall cure post-petition arrearage and pay attorney's fees and cost in the total amount of $3,995.13. Said total amount consists of post-petition payments for the months of July 01, 2009 through November 01, 2009 additional fees and costs detailed as follows:

| | | | |
|---|---|---|---|
| Monthly Payment Amount | $712.14 x 5 | | $3,560.70 |
| Late Charges | $28.49 x 5 | | $142.45 |
| Attorney's Fees | | $875.00 | |
| Costs | | $150.00 | |
| Total Attorney's Fees & Costs | | | $1,025.00 |
| Amount Due | | | $4,728.15 |
|   Payment Received | | | $713.00 |
|   Payment to be Received | | | $0.00 |
|   Debtor Suspense | | | $20.02 |
| Total Balance Due Less Payment Received | | | $3,995.13 |

The total amount due shall be paid directly to Movant in 6 payments beginning December 15, 2009 as indicated below:

U.S. BANK N.A.<br>
4801 FREDERICA ST BOX 20005<br>
OWENSBORO, KY 42301

Attention: Bankruptcy Department

| | | |
|---|---|---|
| 1. | $665.85 | 12/15/2009 |
| 2. | $665.85 | 01/15/2010 |
| 3. | $665.85 | 02/15/2010 |
| 4. | $665.85 | 03/15/2010 |
| 5. | $665.85 | 04/15/2010 |
| 6. | $665.88 | 05/15/2010 |

**There is no grace period on additional installment payments due under this Agreed Order.**

Payments received after the due date are subject to the default provisions contained in the Default Paragraph of this Agreed Order.

4. **Payments to Trustee:** Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan. Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date this Order is signed by the Bankruptcy Judge.

5. **Discharge:** Notwithstanding any provision hereof, the automatic stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6. **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the Deed of Trust Note and Deed of Trust shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

7. **Effect of Non-sufficient Funds:** Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check

is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

8. **Default:** In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or the Additional Payments Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor and Counsel for Debtor allowing Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payments within such 10-day period or in the event Debtors become delinquent after **two (2) notices of default,** the Automatic Stay of 11 U.S.C. §362 shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> LOT ELEVEN (11), IN BLOCK D OF SOUTHWEST PARK SECTION TWO AMENDED, A SUBDIVISION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 77, PAGES 112-113 OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

###

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ YVONNE KNESEK-FOLTZ                     _____
    YVONNE KNESEK-FOLTZ                      EDDIE CANTU
    TX NO. 11591800                                          4833 SPICEWOOD SPRINGS RD.
    610 WEST 5TH STREET SUITE 602           STE 200
    AUSTIN, TX 78701                                        AUSTIN, TX 78759-0001
    Telephone: (512) 477-0008
    Facsimile: (512) 477-1112                            ATTORNEY FOR DEBTORS
    E-mail: WDECF@BBWCDF.COM
    ATTORNEY FOR MOVANT

**IT IS SO ORDERED.**

# # #

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ YVONNE KNESEK-FOLTZ
    YVONNE KNESEK-FOLTZ               EDDIE CANTU
    TX NO. 11591800                          4833 SPICEWOOD SPRINGS RD.
    610 WEST 5TH STREET SUITE 602    STE 200
    AUSTIN, TX 78701                        AUSTIN, TX  78759-0001
    Telephone: (512) 477-0008
    Facsimile: (512) 477-1112              ATTORNEY FOR DEBTORS
    E-mail:  WDECF@BBWCDF.COM
    ATTORNEY FOR MOVANT